John L. Thorne, Appellant, *vs.* The Board of Commissioners of Washington County, Respondents.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

Under the special act of the Legislature, approved January 20, 1858, and entitled "An Act to provide for the construction of the Cannon Falls and St. Paul Road," the filing of the statement of the expenses incurred in locating and constructing the same, as required by the act, was a condition precedent to the right of the road commissioners to draw orders therefor on the several county treasurers.

The holder of orders drawn by said commissioners upon the treasurer of Washington county, but prior to the filing of said statement, cannot maintain an action thereon against said county.

The act amendatory to said act, approved June 23, 1858, took from said commissioners the right to draw said orders, and wholly changed the liability of the several counties. Thereafter the counties are responsible only according to the law as amended, and cannot be held liable under the original act, although money for that purpose may have been collected by a tax levied upon property holders.

This action was brought by the Appellant to recover from the county of Washington, the amount of six hundred and fifty-five dollars, expended in the location and construction of the Cannon Falls and St. Paul road, pursuant to a special act of the Legislature of the State of Minnesota, passed and approved January 20, 1858. The cause was tried by the Court below, a jury trial having been waved. The opinion in this. Court contains a review of the facts found. The following are the conclusions of law found by the Court below :

1st. That the expenses in the location and construction of said road, were not all incurred prior to or at the time of issuing said orders or either of them.

2d. That said expenses were not incurred prior to or at the time of filing the statement hereinbefore referred to.

3d. That said expenses were not incurred until the final completion of the construction of said road.

4th. That the filing of the statement of the expenses incurred in the location and construction of said road, as required by the act approved January 20, 1858, was a condition precedent to the authority of the commissioners to draw any order upon the treasurer of the county for such expenses.

5th. That all the orders having been issued by the said commissioners prior to the furnishing such statement, as required by said act, are without authority of law.

6th. That no order issued under said act is negotiable paper, but a mere chose in action, and has not the incidents of negotiable instruments under the law merchant; therefore, Plaintiff taking any such orders, takes them subject to all their legal infirmities or defects.

7th. That having been issued without authority, the payee can claim nothing by virtue of them as against the county.

8th. The Plaintiff not claiming title to the orders sued upon from the payee to whom they were delivered, but from others, the holders and bearers of them must show title from the payee to such persons; this not being done, the Plaintiff cannot recover.

9th. The authority to draw being a special one, the law must be construed strictly; therefore the authority of the commissioners was to draw but one order upon each Treasurer for the amount, for which each county was liable, and not in various amounts, as in this instance was done.

10th. That the act conferred no authority upon the commissioners to locate or construct a road through private property without the consent of the owner, which must be a written instrument legally executed, or without first paying or securing to be paid to the owner a just compensation; and no such authority being conferred by the act, the commissioners transcended their authority in constructing the road through private property.

11th. The expenses of constructing the road through private property forming a part of the consideration of the orders sued upon, and there being no data to ascertain such amount, the Plaintiff cannot recover.

12th. The act approved June 23, 1858, having taken effect before the completion of the construction of the road, and before the furnishing the statement of the expenses, which was a condition precedent to the issuing of the orders, interfered with no vested rights so far as the first section is concerned, and to this extent repealed and superceded the first act.

13th. The apportionment of the expenses, etc., to each county, should have been under the act of 23d June, and should have been for that portion of the road in each county respectively, and not in proportion to the whole amount of expenses, as the distance constructed in each county is to the whole distance of the road.

14th. The statement designating the apportionment to each county should have been made in accordance with the provisions of the first act and the orders issued in accordance therewith, and there being no evidence of the expense of construction of that portion in either county, the Plaintiff cannot recover.

15th. The Defendant is entitled to a judgment that the Plaintiff take nothing by this action, and that the Defendant recover from the Plaintiff his costs in this action.

Judgment was entered upon such decision against the Plaintiff, that he take nothing by said action, and for $5 costs.

The Plaintiff appeals from the judgment.

Points and Authorities for Appellant.

I.—The act of January, 1858, was not unconstitutional, notwithstanding its omission to provide payment to the owners of private property, which might be necessarily taken in the location and construction of the road.    14 *Wend.*, 51; 20 *Johns.*, 744; 7 *Johns. Ch. R.*, 343-44; 4 *Wend.*, 650.

II.—The Defendants are strangers to the injury, and cannot question the validity of the act of January, 1858.    8 *Cowen*, 543, 555, 578-79; 16 *Pick.*, 87-8, 96.7; 2 *Hill*, 522; *ib.*, 525; 6 *Wend.*, 213; 7 *Met.*, 409; 8 *Paige Ch. R.*, 639; 5 *Coke*, 119; *Buller Nisi Prius*, 224.

III.—The Court finds that the drafts were issued in pursuance of contracts theretofore made; the commissioners had unlimited authority to contract in the premises; the legislation reserved no rights to modify ; the owners of the drafts had acquired rights before the repealing act ; the right to be paid in accordance with the terms of the act of January, 1858, had become vested and the contractors could have compelled the road commissioners to file the statement, etc., at any time.    15 *Mass.*, 447, 455; 6 *Cranch*, 81; 7 *Johns.*, 477; 4 *Wheat.*, 675.

Again, the filing of the statement was not a condition precedent to the right to draw. These provisions are at most only directory to the commissioners, and are in no wise of the essence of power conferred upon them. The statement filed is a condition precedent to the obligation on the county to pay. It is to advise the county authorities of the amount to be assessed.

IV.—It is admitted upon the pleadings that the amount taxable for the work has been collected before suit brought or demand; the acts of the road commissioners have been ratified; the construction we ask has been practically made, and the county is estopped from questioning the regularity of the acts of the commissioners; the commissioners were *quasi* agents of the county. 2 *Mass.*, 478; 17 *ib.*, 144; 3 *Pickering*, 517-18.

The principle decided in the cases referred to, is that practical constructions of ancient public acts will not be questioned "*ab inconvenienti.*" This is a *private act* which has been *acted upon*, and the same principle applies.

V.—The amount claimed is admitted to have been received by the county, and the defendants are liable for money had and received to Plaintiff's use. *Chitty on Conts., p.* 406-7.

VI.—The Plaintiff is found to have bought of the "bearers and holders" of the drafts, and therefore proves at least *prima facie* ownership.

Points and Authorities of Respondents.

I.—The act, approved January 20, 1858, referred to in the complaint, in not providing for or securing the payment of a just, or any compensation for the private property which should be necessarily taken for the purposes of said road, contravenes the provisions of the first article, 13th section of the Constitution of Minnesota, and is therefore void. *Comings vs. Bradbury*, 1 *Fairf.*, 447; *Walker vs. Karlinswoflts*, 19 *Barb.*, 118; *Gould et al. vs. Glass, ib.*, 179; *U. S. D. S.*, 1*st vol., p.* 402, *sec.* 118; *Thompson vs. Grand Gulf R. R. & B. Co.*, 3 *How. Miss.*, 240; 1*st vol. Bouvier's Law Dict.*, 284, *under head,* "*Constitutional*" *and cases therein cited;* 13 *Maine*, 247; 9 *Ind.*, 433; 3 *Wis.*, 714.

II.—The Legislature in the passage of said act, by authorizing and directing the location, general routes and termini of said road, exercised judicial powers contrary to the provisions of the 3d article of the Constitution of Minnesota, which said act is theretore without authority of law, and void. *Lewis et al. vs. Webb*, 3 *Greenleaf*, 327; *Durnhom vs. Lewiston*, 4 *ib.*, 141; 6 *Mass.*, 491; 2 *ib.*, 171.

III.—The act conferred no authority upon the Commissioners to locate or construct a road through private property, without the consent of the owners thereof, which consent must be by written instrument legally executed, or without first paying or securing to be paid to such owners a just compensation therefor; and no such authority being conferred by the act, the commissioners transcended their authority in constructing said road through private property.

IV.—The commissioners had no authority to draw any order upon the County Treasurer before the completion of the construction of said road, and the amount of expenses incurred in locating and constructing the same had been ascertained, nor until the written statement of said expenses, as the same was required by the act, had been furnished to the said counties; the furnishing of said statement was a condition precedent to the authority of the commissioners to draw any orders upon the Treasurer for such expenses; all the orders sued upon having been drawn and issued before the completion of the road, and before the expenses were incurred therefor, and prior to the furnishing such statement, are without authority of law, and Plaintiff cannot recover.

V.—The orders sued upon are not negotiable paper, but mere choses in action; they have not the incident of negotiable instruments under the law merchant, nor under the statute; the Plaintiff took them subject to all their legal infirmities and defects, and they having been issued without authority, the payee could claim nothing by virtue of them as against the county, and the Plaintiff as holder of said orders can claim no other or greater right than the payee.

VI.—The Plaintiff, not claiming title to the orders from the payee to whom they were delivered, but from other holders and bearers of them, must show title from the payee to such persons; this not being done, he cannot recover.

VII.—The authority to draw being a special one, the law must be construed strictly ; therefore the authority of the commissioners was to draw but one order upon each Treasurer for the amount for which each county was liable ; the orders sued upon in this action being for various amounts, are for this reason unauthorized in the law, and Plaintiff cannot recover.

VIII.—The expenses of constructing the road through private-property, forming part of the consideration of the orders sued upon, and thus being no data to ascertain such amount, the Plaintiff cannot recover.

IX.—The act approved June 22, 1858, having taken effect before the completion of the construction of the road, and be.. fore the furnishing of the statement of the expenses, which was a condition precedent to the issuing of the orders, interfered with no vested rights, so far as the fourth section of the act of January is concerned, and to that extent repealed and suspended the first act.

X.—The apportionment of the expenses to be paid by each county should have been under the act of 23d of June, and should have been for the expenses incurred in constructing that portion of the road in each county respectively, and not in proportion to the whole amount of expenses, as the distance constructed in each county is to the whole distance of the road.

XI.—The statement furnished by the commissioners designated the apportionment to each county to have been made in accordance with the provisions of the first act ; and the order issued in accordance therewith, there being no evidence of the expenses of the construction of that portion of the road in each county, the Plaintiff cannot recover.

L. E. Thompson, and J. B. Brisbin, Counsel for Appellant.

L. R. Cornman, Counsel for Respondents.

*By the Court*—Emmett, C. J.—By an act of the Legislature passed March 20, 1858, commissioners were authorized to locate and open out a road leading from a certain point in

Goodhue county, through the county of Dakota, to another point in the county of Washington; and it was also provided that the counties named should pay for the location and construction of the road, in the same proportion that the length of the road in each, bore to the length of the whole road. It was also made the duty of said commissioners to file with the board of county commissioners of each county a written statement of the expenses incurred in said location and construction, designating the amount thereof which each county was to pay; and they were authorized to draw upon the treasurers of the several counties, orders for the amounts so designated to be paid by the counties respectively. While this act was in force and unchanged, the said road commissioners proceeded to locate and construct the road; and on the 24th day of June, 1858, filed with the commissioners of Washington county the statement of the expenses incurred, required by said act, in which the sum of $844 was designated as the proportion thereof due from said county of Washington. They had also, previous to this time, drawn in small sums, orders. for the exact amount so designated, upon the treasurer of Washington county, and the commissioners of said county afterwards levied and collected a tax to meet this demand against their county. In the mean time, before the filing of the statement mentioned, but after the road commissioners had drawn the orders upon the treasurer of Washington county, the Legislature, on the 23d of June, 1858, amended the law under which they had been acting, by repealing that portion which authorized the drawing of orders for the expenses incurred in locating and constructing the road, and by providing that each county should pay for the road within its limits, and that thereafter it should be located, constructed and repaired as provided by the general law applicable to state roads. The county treasurer thereupon refused to pay the orders which the road commissioners had drawn on the treasurer of Washington county, and the Plaintiff, being the holder of such orders to the amount of $655 by purchase from the bearers and holders thereof, brought this action to recover their amount against the county.

It is evident that the Legislature, while assuming to act in

behalf of the public, in directing the location and construction of this road, at first endeavored to avoid the responsibility of making the public pay for it; and hence confined the expense, not only to the counties through which the road passed, but apportioned it arbitrarily, and without reference to the amount incurred in each.   This error they afterwards sought to correct by the amendments before referred to; and we feel every disposition to aid in so commendable a work.

We are not surprised that the judge of the District Court, to whom the issues were submitted without the intervention of a jury, did not feel authorized to give to such a law other than a strict construction; and we hold, with him, that the county of Washington cannot be made liable in this action, unless the law has been strictly complied with.   The main object of requiring the commissioners, under the original act, to file a written statement of the expenses incurred, was, doubtless, to enable the several county boards to examine into its correctness, and thereafter to provide means for paying the amount for which their county was liable.   The extent of this liability could not be known until the expenses were all incurred, and the statement filed, nor could either county be liable to an action prior to this time.   When, therefore, the orders on which this action was brought, were drawn, the liability of the county had not attached; and before it was officially known what portion of said expenses the county of Washington had to meet and provide for, or whether any expenses at all had been incurred, for which orders might be drawn on the treasurer, the law was so amended as to change entirely the liability of the county, and to take from the road commissioners the right to draw orders for any purpose. In other words, the Legislature took from the road commissioners the right to draw orders, before that right had been properly exercised; for we hold that, however great the inconvenience, they had no right to draw for the expenses at all, until after all the expenses had been incurred, and the statement thereof filed with the county board, as required by the act previous to the amendment.

It is not our intention here, to decide that the parties performing the labor and services for which the expenses repre-

vol vii.—21

sented by these orders were incurred, cannot, they or their assigns, recover therefor, even against the county of Washington. We mean to hold, simply, that after the amendment referred to, the county is liable for such expenses only as were incurred within its boundaries. And, as the record does not show what these expenses are, nor even that the orders in the hands of the Plaintiff were given for expenses incurred in the county of Washington, the Plaintiff could not recover in this action.

It is urged that the parties locating and constructing this road, did so on the faith of the counties being liable respectively in the manner provided by the original act; and that the right to hold the counties so responsible cannot be divested by the Legislature.

We do not think this doctrine as to vested rights can have application to this case. Indeed, it would be almost impossible to enforce the principle in favor of the various persons who have aided in locating and constructing this road. It is impossible to tell how many persons were employed, or how many orders were drawn, but judging from the number drawn on the county of Washington, there may have been twelve or fifteen hundred orders in all, and the holders of these several orders have probably all the rights which belong to the Plaintiff. Now, it will hardly be contended that each laborer employed on this work, so far trusted to the several counties named, as to secure for each day's labor a vested right to recover of them in the exact proportion which the length of the road in each bore to the whole length. And yet he would secure this right against all, or none. He could not, however, be said to have trusted all the counties in the proportion named, because, under the law, the commissioners might have paid him by orders drawn on one county alone,— nor that he gave credit to any particular county, when he might be paid by an order on the treasury of another. How then can the Plaintiff reasonably claim a vested right to recover against the county of Washington, on the ground of the credit given to her at the time, when neither he, nor they under whom he claims, knew on which county the commissioners would give an order for payment?

It is further insisted that the county, after having collected the money by a tax upon property holders, cannot legally refuse to pay it over, and that she is liable to the Plaintiff as for money received for his use.

We do not see that the collecting of the tax can make any difference in the liability of the county. It was, doubtless, collected in ignorance of the amendment before mentioned; and so long as the money thus collected remains in the county treasury, the county authorities may refuse to pay it out until the rights of the parties claiming it are legally established.

Judgment affirmed.